IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURA D., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 17-3467 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Laura D. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 17), Defendant's Motion for Summary Judgment (ECF No. 18), and Plaintiff's "Reply" (ECF No. 19).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**.

**I**

**Background**

On October 25, 2016, Administrative Law Judge ("ALJ") María Núñez held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 38-80. The ALJ thereafter found on December 13, 2016, that Plaintiff was not disabled from January 15, 2014, through the date of the ALJ's decision. R. at 17-37. In so finding, the ALJ found that, with regard to concentration, persistence, or pace, Plaintiff had moderate difficulties. R. at 24. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional limitations, including, among other things, the ability to perform unskilled work "in a non-production oriented work setting with no interaction with the public and no more than occasional interaction with co-workers and supervisors." R. at 25. The ALJ then determined that, although Plaintiff could not perform her past relevant work, she could, according to the VE, perform other work, such as a ticket checker, general sorter, or addresser/stuffer, and thus was not disabled. R. at 28-30.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on November 21, 2017, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ (1) failed to develop the record fully and fairly by obtaining an opinion regarding her mental impairments from an acceptable medical source and (2) failed to explain why the ALJ rejected her allegations regarding naps and "bad days" from depression. Pl.'s Mem. Supp. Mot. Summ. J. 1-11, ECF No. 17-1. For the reasons below, the Court remands this case for further proceedings.

Social Security Ruling[4] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ's inclusion of a limitation in the hypothetical questions to the VE at the hearing and in the assessment of Plaintiff's RFC to work "in a non-production oriented work setting" (R. at 25, 74) accounts for Plaintiff's moderate difficulties in concentration, persistence, or pace. *See Russo v. Astrue*, 421 F. App'x 184, 192 (3d Cir. 2011) (holding that hypothetical question that referenced individual who "would not have a quota to fulfill" accounted for moderate difficulties in concentration, persistence, or pace); *Seamon v. Astrue*, 364 F. App'x

243, 248 (7th Cir. 2010) (holding that ALJ captured claimant's moderate limitation in concentration, persistence, and pace when ALJ included restriction of "no high production goals"); *Arnold v. Barnhart*, 473 F.3d 816, 820 (7th Cir. 2007) (using low production standards for moderate limitation in concentration, persistence, and pace); *Grant v. Colvin*, No. 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016); *see also Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017). The ALJ failed, however, to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, she could remain on task for at least 90% of an eight-hour workday. According to the VE, an individual could not maintain gainful employment at the sedentary, unskilled level if "off task" more than 10% of the time. R. at 76-77. The ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). In particular, the ALJ "must build a logical bridge between the limitations [she] finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012). An ALJ's failure to do so constitutes reversible error. *See Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the ALJ's "analysis is incomplete and precludes meaningful review," remand is appropriate. *Monroe*, 826 F.3d at 191.

In short, the inadequacy of the ALJ's analysis frustrates meaningful review. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*

*v. Colvin*, 200 F. Supp. 3d 591, 602 (D. Md. 2016) (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work); *Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment). Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is warranted. *See Monroe*, 826 F.3d at 189. Because remand is granted on other grounds, the Court does not address Plaintiff's other arguments. *See Testamark v. Berryhill*, 736 F. App'x 395, 399 n.2 (4th Cir. 2018) (per curiam). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Roxin v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2311, 2015 WL 3616889, at *4 (D. Md. June 5, 2015); *Lawson v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2202, 2015 WL 660827, at *1-2 (D. Md. Feb. 13, 2015).

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: October 10, 2018                                             /s/
                                                                   Thomas M. DiGirolamo
                                                                   United States Magistrate Judge